**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Wesley DENNIS, Defendant–Appellant.**

**No. 90–1136.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 25, 1990.

Decided Nov. 13, 1990.

David H. Miller, Asst. U.S. Atty., Fort Wayne, Ind., Andrew B. Baker, Jr., Asst. U.S. Atty., Hammond, Ind., for plaintiff-appellee.

Lewis Myers, Jr., James Childs, Jr., Childs, Myers & Willis, Chicago, Ill., P. Stephen Miller, Fort Wayne, Ind., for defendant-appellant.

Before CUDAHY and POSNER, Circuit Judges, and WILL, Senior District Judge.[*]

WILL, Senior District Judge.

Wesley Dennis was indicted and convicted, along with two codefendants, Kerry Thompson and Keith Wims, under a single-count indictment charging all three with conspiracy to sell cocaine to an undercover police detective, Gordon Myers. 21 U.S.C. §§ 841(a)(1) and 846. Dennis was sentenced to 21 months imprisonment and three years of supervised release. Dennis appeals, challenging the district court's failure to instruct the jury concerning multiple conspiracies and the sufficiency of the evidence.

The indictment alleged a single overarching conspiracy joining Thompson, Wims and Dennis. The evidence at trial, however, showed only that Dennis may have provided Thompson with cocaine on one day, July 18th, and that Wims supplied cocaine to Thompson three days later on July 21st. From that evidence, the jury could have connected Dennis and Thompson in one conspiracy and Wims and Thompson in another. But to convict Dennis under the single conspiracy alleged in the indictment, the jury had to fit all three in the same conspiracy. It was not enough to prove that Dennis and Wims both supplied Thompson with cocaine on different days or that Thompson and Dennis were coconspirators and Thompson and Wims were coconspirators.

A single conspiracy does not exist simply because there are multiple participants dealing with a common central player. *United States v. Sophie*, 900 F.2d 1064, 1080 (7th Cir.1990). The government did not have to prove that Dennis knew Wims or was even aware of his existence, but was required to prove that Dennis and Wims knowingly embraced a shared, single criminal objective, *United States v. Sababu*, 891 F.2d 1308, 1324 (7th Cir.1989), and that in embracing that objective, Dennis knew that he was part of a wider organization which involved more than just Thompson and himself. To prove a single conspiracy, the government was required to prove that Dennis and Wims were part of a single

---

[*] The Honorable Hubert L. Will of the United States District Court for the Northern District of Illinois, Eastern Division, is sitting by designation.

overall agreement, and the evidence of that was thin at best.

In fact, the government conceded at oral argument that there are only two pieces of record evidence that might tend to prove that Dennis and Wims were coconspirators. First, Myers testified that on both the 18th and the 21st Thompson referred to his supplier as "my man." But that testimony, though it might tend to show that Thompson had a single supplier (and it suggests that only very tenuously), does not prove beyond a reasonable doubt that Wims and Dennis were coconspirators. Sellers frequently refer to their supplier in a particular transaction as "my man" even though they have a different supplier for different transactions. Second, there was also evidence that Wims on the 21st was carrying a marked bill which had originally been handed to Thompson by Myers on the 18th. It is theoretically possible that Thompson gave the bill to Dennis and Dennis gave it to Wims, thereby connecting all three, but Dennis was never found in possession of any marked money, was never seen receiving any marked money and was never observed having any contact with Wims. It is equally possible, and more probable, that Thompson retained some of the money he received on the 18th and gave it to Wims on the 21st.

■ We reverse on two grounds. First, the failure of the district court, over Dennis' objection, to give a multiple conspiracies instruction was error. "[T]he defendant in a criminal case is entitled to have the jury consider any theory of the defense which is supported by law and which has some foundation in the evidence." *United States v. Douglas*, 818 F.2d 1317, 1320 (7th Cir.1987) (quoting *United States v. Boucher*, 796 F.2d 972, 975 (7th Cir.1986)). There was substantial evidence to show multiple conspiracies rather than a single conspiracy, and the district court's refusal to give an instruction on Dennis' multiple conspiracies theory denied Dennis a fair trial. *Id.*

■ Second, no reasonable jury could find, simply on the basis of Myers' statement about Thompson's reference to "my man," and the evidence of the marked bill in Wims' possession, that Wims and Dennis were members of the same conspiracy. There was no evidence that Dennis knew of Wims' existence (or Wims of Dennis') or that Dennis was aware that Thompson ever used a second supplier, whether Wims or anybody else, and Dennis was never seen in possession of any marked money. The government simply failed to prove that Thompson, Wims and Dennis were members of a single conspiracy.

Dennis' conviction is therefore reversed.