983 F.2d 1074
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Keith J. WIMS, Petitioner-Appellee,
v.
UNITED STATES of America, Respondent-Appellant.
 No. 92-1624.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 21, 1992.
Decided Dec. 22, 1992.
 
 Before CUDAHY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Keith J. Wims filed a request for relief under 28 U.S.C. § 2255, arguing that he received ineffective assistance of counsel on the direct appeal of his conviction for conspiring to distribute cocaine in violation of 21 U.S.C. § 846. The district court held that Wims was denied his Sixth Amendment right to counsel because his appellate counsel failed to argue that the trial court erroneously refused to give a multiple conspiracy jury instruction. The government appeals the district court's order vacating Wims' conviction. We affirm.
 
 I.
 
 2
 On July 18, 1989, undercover police officer Gordon Myers met with Kerry Thompson to purchase cocaine. When Detective Myers refused to front Thompson the money for the purchase, Thompson agreed to talk to his "man" and return. After intervening meetings with Wesley Dennis, Thompson sold Detective Myers an ounce of cocaine for $1,200, which Myers paid in marked bills. Dennis was subsequently arrested.
 
 
 3
 Three days later, Detective Myers met Thompson to purchase additional cocaine. Thompson advised that his "man" had the cocaine, but that he needed the purchase money from Detective Myers. Detective Myers refused to give Thompson the purchase money, but agreed to accompany him to the location of his "man" in McMillan Park. Detective Myers followed Thompson to a restaurant near the park, where Thompson entered Myers' car and discussed the cocaine sale. Thompson told Detective Myers that his "man" was nearby and that if Myers gave him half of the money he would return with the cocaine. Myers agreed to give him the money if Thompson would meet with his "man." Thompson took $1,200 in marked bills and began walking.
 
 
 4
 When Thompson returned, Detective Myers took him to McMillan Park, dropped him off, and returned alone to the parking lot of the restaurant, where Thompson would meet him with the cocaine. At McMillan Park, surveillance officers observed Thompson approach a white Lincoln Continental. After opening the door and leaning into the Continental, Thompson walked over to the petitioner, Keith Wims, who was standing nearby in the park. The two men embraced and talked for a few minutes, after which Thompson walked away and rummaged in a trash can. Shortly thereafter, Thompson and Detective Myers reconvened outside the restaurant, and Wims and a companion drove the Continental to the vicinity of the restaurant. After briefly stopping in another shop, Wims entered the restaurant, stood in the window, and observed Thompson and Detective Myers outside in Myers' car.
 
 
 5
 In Myers' car, Thompson produced two ounces of cocaine, for which Detective Myers gave him another $1,200. The two men discussed future deals, with Thompson indicating his "man" had plenty of cocaine that could be bought at anytime. Detective Myers gave the appropriate signal to the surveillance officers and Thompson, Wims, and Wims' companion were arrested. At the time of his arrest, Wims possessed $3,995 in cash, including the $1,200 that Myers had advanced Thompson earlier that day and a $100 bill from the money which Myers advanced Thompson on July 18, 1989.
 
 
 6
 Wims, along with Thompson and Dennis, was convicted under a one count indictment of conspiracy to distribute less than 500 grams of cocaine in violation of 21 U.S.C. § 846. At trial, the court denied a joint request by Wims, Thompson, and Dennis that the jury be given an instruction relating to multiple conspiracies.
 
 
 7
 All three codefendants appealed their convictions to this court, which treated the appeals separately. On appeal, Wims' counsel unsuccessfully argued that insufficient evidence existed to support the conviction, and a panel of this court affirmed his conviction in an unpublished order. United States v. Wims, No. 90-1157 (7th Cir. June 19, 1990). Thompson's appellate counsel raised both the issue of the multiple conspiracy instruction and the issue of the sufficiency of the evidence, but to no avail as this court also affirmed his conviction in an unpublished order. United States v. Thompson, No. 90-1182 (7th Cir. October 17, 1990).
 
 
 8
 Unlike his codefendants, Dennis succeeded on the appeal of his conviction. United States v. Dennis, 917 F.2d 1031, 1033 (7th Cir.1990). Dennis' appellate counsel raised, among others, the issues of the lack of an instruction on multiple conspiracies and the sufficiency of the evidence. In a published opinion, this court reversed Dennis' conviction, holding that an instruction on multiple conspiracies should have been given and that the evidence was insufficient to show that the three co-defendants were members of a single conspiracy. Dennis, 917 F.2d at 1033.
 
 
 9
 Spurred by Dennis' success, on August 5, 1991, Wims filed a petition seeking relief under 28 U.S.C. § 2255, alleging he received ineffective assistance of counsel because his appellate counsel failed to raise the multiple conspiracy instruction issue. Despite its view that the evidence against him was overwhelming, the district court vacated Wims' conviction, feeling restrained by this court's holding in Dennis' case that the failure to give the multiple conspiracy instruction was a reversible error. This appeal followed.
 
 II.
 
 10
 The Sixth Amendment provides Wims with the right to effective assistance of appellate counsel. Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830 (1984); Ross v. Moffit, 417 U.S. 600, 94 S.Ct. 2437 (1974). To succeed in his claim of ineffective assistance of counsel, Wims must satisfy the two-prong standard announced in Strickland v. Washington: he must demonstrate both that his counsel's conduct was deficient and that the deficiency prejudiced the result of his proceeding. 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); United States v. Reiswitz, 941 F.2d 488, 495 (1991); United States v. Payne, 741 F.2d 887, 891 (7th Cir.1984). The failure by Wims' appellate counsel to raise the issue of whether the trial court erred in refusing to give a multiple conspiracy instruction satisfies both of these requirements, and thus violates Wims' right to effective assistance of counsel.
 
 
 11
 The first prong of the Strickland test requires us to determine whether the defendant's assistance of counsel falls below "an objective standard of reasonableness." 466 U.S. at 688, 104 S.Ct. at 2064. Counsel's conduct is strongly presumed to fall within the reasonable standard of conduct, Id.; United States v. Balzano, 916 F.2d 1273, 1294 (1990), and in the context of appellate advocacy, counsel need not raise every conceivable argument which is supported by the record. Evitts, 469 U.S. at 394, 105 S.Ct. at 835; Gray v. Greer, 800 F.2d 644, 647 (7th Cir.1986). However, when "appellate counsel fail[s] to present significant and obvious issues on appeal," his conduct falls below the standard of objective reasonableness. Gray, 800 F.2d at 646. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Id.
 
 
 12
 Counsel for both of Wims' codefendants raised the multiple conspiracy issue on appeal, one successfully. While in prosecuting the appeal he could not have known that this court would reverse Dennis' conviction, Wims' appellate counsel also served as trial counsel. At that time, he recognized that the evidence gave rise to the possibility of multiple conspiracies and requested, along with counsel for the other defendants, a jury instruction relating to the issue. In denying the requested multiple conspiracy instruction, the court stated that the propriety of such an instruction was a close call and proceeded to explicitly provide the defendants with a record for appeal. Consequently, we conclude that Wims' counsel failed to raise a "significant and obvious issue" on appeal in violation of an objective standard of reasonable assistance.
 
 
 13
 Under the second prong of the Strickland test, we must decide whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068. In other words, if the failure to raise the multiple conspiracy instruction issue may have resulted in a reversal of Wims' conviction or the grant of a new trial, then his counsel's error was prejudicial. Gray, 800 F.2d at 646. We are not directly deciding whether if presented with the multiple conspiracy instruction issue, we would have reversed Wims' conviction, but rather we must decide only whether a "reasonable probability" exists that Wims' appeal would have been successful if counsel had raised the issue.
 
 
 14
 Generally, "the defendant in a criminal case is entitled to have the jury consider any theory of defense which is supported by the law and which has some foundation in the evidence, however tenuous." United States v. Boucher, 796 F.2d 972, 975 (7th Cir.1986). In particular, "[i]f the possibility of multiple conspiracies exists, the trial judge must so instruct the jury." United States v. Kendall, 665 F.2d 126, 136 (7th Cir.1981), cert. denied, 455 U.S. 1021, 102 S.Ct. 1719 (1982). The evidence established that on separate occasions Wims and Dennis supplied cocaine to Thompson, who in turn sold it to Detective Myers. The only evidence linking Wims to Dennis was Thompson's reference to his "man" and the $100 marked bill given to Dennis, but found in Wims' possession. This court concluded that such evidence made possible the existence of multiple conspiracies, rather than the single alleged conspiracy, and therefore Dennis was deprived of a fair trial when his request for a multiple conspiracy instruction was denied. Dennis, 917 F.2d at 1033. Since Wims was in the same position as Dennis vis-a-vis Thompson, the evidence equally raises the possibility that Wims conspired with Thompson, but did not join the larger alleged conspiracy with Dennis. Given the reversal of Dennis' conviction, there is a reasonable probability that Wims' conviction also would have been reversed if his appellate counsel had raised the multiple conspiracy issue on appeal.
 
 
 15
 Our conclusion that Wims failed to receive effective assistance of appellate counsel does not conflict with this court's unpublished order finding sufficient evidence existed to support his conviction. In United States v. Grier, we recognized that the absence of a variance between the conspiracy charged and the conspiracy proven does not dispose of the question of whether the defendant was entitled to a multiple conspiracy instruction. 866 F.2d 908, 931-32 (7th Cir.1989). It would be nonsensical to conclude that a finding that sufficient evidence exists to convict the defendant of a single conspiracy precludes the defendant from presenting to the jury the equally plausible possibility of multiple conspiracies. In examining a challenge to the sufficiency of the evidence, the court must determine whether substantial evidence, including circumstantial evidence, exists to support the conspiracy conviction. United States v. Durrive, 902 F.2d 1221, 1225 (7th Cir.1990). While this court found that the reference to my "man" and the possession of the marked bill from the Dennis transaction were enough to implicate Wims in the alleged conspiracy, this court was not presented with the issue of whether the existence of multiple conspiracies was plausible. While sufficient evidence existed to convict Wims, the evidence presented could also lead an appellate court to conclude, as the court in Dennis' case did, that a multiple conspiracy instruction was mandated.
 
 
 16
 The conduct of Wims' appellate counsel satisfies both prongs of the test for ineffective assistance of counsel under Strickland, and therefore the district court's order vacating Wims' conviction is AFFIRMED.