9 F.3d 118
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Elijah BULLARD, Defendant-Appellant.
 No. 93-5058.
 United States Court of Appeals, Tenth Circuit.
 Oct. 28, 1993.
 
 Before LOGAN, MOORE, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.
 
 
 2
 Mr. Bullard[2] was convicted of four felonies: (1) conspiracy to possess a controlled substance with the intent to distribute; (2) possession of a controlled substance with intent to distribute; (3) possession of a firearm during and in relation to a drug trafficking crime; and (4) possession of a firearm with an obliterated serial number. Mr. Bullard appeals these convictions asserting (1) his Motion to Suppress Evidence should have been granted; and (2) the evidence was insufficient to establish the conspiracy. We affirm the convictions.
 
 
 3
 * The Motion to Suppress
 
 
 4
 Certain incriminating evidence was found when the car, owned and driven by Mr. Bullard, was stopped for a traffic violation. Mr. Bullard contended at the hearing on the Motion to Suppress that the traffic stop was pretextual.
 
 
 5
 The trial court, after hearing the evidence, concluded there existed probable cause for the traffic stop based upon the testimony of the police officer who saw the traffic violation and stopped the car.
 
 
 6
 On appeal Mr. Bullard contends the police officer lacked probable cause to stop him. Mr. Bullard admits the police officer testified that Mr. Bullard was stopped because the police officer saw Mr. Bullard fail to signal a turn. Mr. Bullard argues the testimony is unbelievable as the stop occurred in a high crime area, there was no stoplight or stop sign at the point where the traffic violation occurred, and thus the police officer's decision to stop Mr. Bullard was pretextual.
 
 
 7
 We cannot overturn a trial court's findings of fact unless they are clearly erroneous. Findings of fact cannot be clearly erroneous if they are supported by substantial evidence. At the Motion to Suppress, the police officer testified he actually observed three traffic violations committed by Mr. Bullard before he stopped him, and the acts he observed were violations of both municipal ordinance and state law. We also note the record fails to support Mr. Bullard's argument that no stoplight or sign was present. The police officer's testimony stands uncontroverted.
 
 II
 Sufficiency of the Evidence
 
 8
 Mr. Bullard contends the evidence is insufficient to support the conspiracy as it fails to show that each conspirator knew he was a part of a wider organization and all were part of a single overall agreement. Dennis, 917 F.2d 1031 (7th Cir.1990).
 
 
 9
 The record fails to support Mr. Bullard's arguments. A government witness testified he met with Mr. Bullard and Mr. Phillips, who was going to teach him how to sell drugs. At this meeting, Mr. Phillips told him, in the presence of Mr. Bullard, they were about to go sell drugs. They drove to a residence where Mr. Phillips went into the house and then came back to the car with drugs and guns. While driving to the point of the drug sale, a conversation ensued about selling the drugs. All three went into a back bedroom where Mr. Bullard sat with a gun while Mr. Phillips sold drugs. All three then left this sales place in Mr. Bullard's car to continue to look for drug buyers.
 
 
 10
 This evidence is sufficient to prove the existence of a conspiracy, an agreement to jointly sell illegal drugs. The evidence shows that Mr. Bullard knew the essential objectives of the conspiracy and that Mr. Bullard knowingly and voluntarily participated in the conspiracy.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 [2]
 Mr. Bullard was jointly tried with Gary Phillips who appealed his convictions. We affirmed Mr. Phillips' convictions in Case No. 93-5083