**David A. GRAY, Petitioner-Appellant,**

v.

**James GREER, Respondent-Appellee.**

No. 83–2779.

United States Court of Appeals,
Seventh Circuit.

Argued June 12, 1985.

Decided Nov. 27, 1985.

As Amended Dec. 18, 1985.

Rehearing and Rehearing En Banc
Denied Jan. 3, 1986.

Jerold S. Solovy, Joel J. Africk, Jenner & Block, Chicago, Ill., for petitioner-appellant.

James V. Cinotto, Asst. Atty. Gen., Chicago, Ill., for respondent-appellee.

Before BAUER and FLAUM, Circuit Judges, and GRANT, Senior District Judge.*

FLAUM, Circuit Judge.

In 1978, petitioner David Gray was convicted of rape, attempted murder and armed robbery and sentenced to sixty years in prison. Petitioner appeals from the dismissal of his habeas corpus petition. For the reasons stated below, we reverse the magistrate's order of dismissal and remand to the district court for proceedings consistent with this opinion.

David Gray was first tried for the rape of Ann Brewer on March 28, 1978. His defense was mistaken identity. The government's case was weakened by the inability of one eyewitness to identify Gray and the lack of corroborating physical evidence to support the in-court identification of Gray by the complaining witness. The trial resulted in a hung jury. The state retried Gray, presenting an additional witness, a former cellmate of Gray's who testified that he had heard Gray admit to the crimes. This time, the jury convicted Gray. The Illinois State Appellate Defender's office represented Gray on appeal of his conviction. The appellate brief raised the following issues: 1) insufficiency of the evidence; 2) improper use of the testimony of Gray's former cellmate; 3) misleading remarks by the prosecutor regarding reasonable doubt; and 4) improper sentencing. The Illinois Appellate Court upheld Gray's conviction and the Illinois Supreme Court denied leave to appeal.

Gray filed a habeas corpus petition in federal court alleging insufficiency of the evidence, prosecutorial misconduct and improper jury selection procedures. This petition was dismissed for failure to exhaust state remedies pursuant to the Illinois Post-Conviction Hearing Act, Ill.Rev.Stat. ch. 38, § 122–1, *et seq.* Gray then filed a state post-conviction petition which was dismissed; the dismissal was affirmed on appeal.

Gray then brought his second federal petition for habeas corpus relief. The petition alleged ineffective assistance of appellate counsel and improper jury selection procedures. The parties agreed to proceed before a magistrate pursuant to 28 U.S.C. § 636(c). The magistrate dismissed Gray's petition, finding that he had not exhausted state remedies with respect to the ineffective assistance of counsel claim. Gray appealed from the dismissal and we reversed, finding that Gray's failure to raise an ineffective assistance of counsel claim in his initial state petition would prevent the Illinois courts from reviewing this claim. Hence, at the time petitioner filed his second habeas corpus petition in federal court, he had no available state remedies. We reversed and remanded for consideration of Gray's petition on the merits, 707 F.2d 965.

On remand, the magistrate reviewed Gray's brief on direct appeal and concluded that appellate counsel was not ineffective but rather "did a good job in citing applicable case law.... The four issues raised are wide-ranging and forcefully argued." The magistrate then found that "Gray's legal representation by the appellate public defender was, in fact, well above the average in the profession." The magistrate dismissed Gray's claim of improper jury selection procedures, finding that absent constitutionally defective counsel, petitioner could not show cause for the failure to

* Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

raise this issue on direct appeal. This appeal followed.

## I.

Petitioner contends that the district court erred in dismissing his claim of ineffective assistance of counsel without reviewing the record or conducting an evidentiary hearing. In dismissing petitioner's claim of ineffective assistance of appellate counsel, the magistrate did not review the trial court record. Instead, the magistrate relied solely on his examination of the appellate brief, and, finding the brief to be "a thorough discussion of the four issues raised", determined that appellate counsel was not ineffective. The basis for the district court's failure to examine the record was a reluctance to "second guess" appellate counsel regarding the choice of appropriate issues for appeal.

■■■ The right to appellate counsel is now firmly established. *Evitts v. Lucey,* — U.S. ——, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) established the standard for ineffective assistance of counsel, and though it is phrased in terms of ineffective assistance of trial counsel, it can be used as a basis for establishing a standard for effective assistance of appellate counsel. *Accord Bowen v. Foltz,* 763 F.2d 191, 195 (6th Cir.1985) (Coutie, J. dissenting); *Schwander v. Blackburn,* 750 F.2d 494, 502 (5th Cir.1985); *Mitchell v. Scully,* 746 F.2d 951, 954 (2d Cir.1984). Under *Strickland,* ineffective assistance of counsel will be found when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 104 S.Ct. at 2064. The *Strickland* standard envisions a two-prong analysis. First, counsel's performance must have been deficient, and second, the deficiency must have prejudiced the defense. *Id.*

Had appellate counsel failed to raise a significant and obvious issue, the failure could be viewed as deficient performance. If an issue which was not raised may have resulted in a reversal of the conviction, or an order for a new trial, the failure was prejudicial. Were it legitimate to dismiss a claim of ineffective assistance of counsel on appeal solely because we found it improper to review appellate counsel's choice of issues, the right to effective assistance of counsel on appeal would be worthless. When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.

The district court supported its decision by analogy to cases in which we have declined to "second guess" trial counsel's strategic decisions. These cases, however, are inapposite. They involved decisions of counsel which were arguably appropriate at the time, but, with the benefit of "hindsight", appeared less than brilliant. *United States v. Harris,* 558 F.2d 366, 371 (7th Cir.1977). A reviewing court can evaluate appellate counsel's choice of issues on appeal by examining the trial record and the appellate brief. While it is true that decisions which were arguably correct at the time will not be "second-guessed", a reviewing court must initially determine whether such decisions were, in fact, strategic.

■■■ Respondent may well be correct in its assertion that appellate counsel strategically chose not to raise certain issues on appeal.[1] We hold only that the determination of whether the decision was strategic

---

1. Respondent also contends that the district court's previous examination of the record in connection with claims in petitioner's first habeas petition makes unnecessary any examination of the record specifically in connection with his ineffective assistance of counsel claim. We find this contention to be without merit.

requires an examination of the trial record. In conducting such an examination, the district court should be guided by defendant's careful presentation of those issues which allegedly should have been raised on appeal, with accompanying citations to the trial record.

■ Respondent contends that we should affirm the district court's dismissal of the habeas petition because, in any event, petitioner waived his claim to effective assistance of counsel by failing to present it in his first post-conviction proceeding. It is true that petitioner's failure to raise the issue earlier constitutes a procedural default. *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Such a default precludes our review of a constitutional issue only if the petitioner cannot show cause for the default and prejudice resulting from the default. *Id.* The record is not sufficiently developed to warrant our making such a determination absent consideration by the district court.

■ In holding that a reviewing court must review the trial record, we emphasize that the right to effective assistance of appellate counsel does not require an attorney to advance every conceivable argument on appeal which the trial record supports. *Evitts v. Lucey,* —— U.S. ——, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983). We require only that appellate counsel's choice of issues for appeal did not fall below "an objective standard of reasonableness," *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984).

We therefore remand to the district court with instructions to review the trial court record and determine whether the issues which petitioner claims appellate counsel failed to raise, would have been clearly more likely to result in reversal or an order for a new trial, and were so obvious from the trial record that the failure to present such issues amounted to ineffective assistance of appellate counsel.

■ Petitioner further seeks an evidentiary hearing to resolve his claim of ineffective assistance of counsel. An evidentiary hearing is required only if a review of the record is not sufficient to resolve factual disputes regarding the choice of issues. *Williams v. Owens,* 731 F.2d 391 (7th Cir. 1983). Given the nature of petitioner's claims, it is difficult to envision the evidence or testimony which petitioner would present at such a hearing. When a claim of ineffective assistance of counsel is based on failure to raise issues on appeal, we note it is the exceptional case that could not be resolved on an examination of the record alone. We leave the determination of whether an evidentiary hearing is required to the discretion of the district court after review of the trial court record.

## II

After finding that appellate counsel was not constitutionally defective, the magistrate dismissed petitioner's claims regarding improper jury selection and impanelling, finding that since counsel was not constitutionally defective, Gray could not show "cause" for having failed to raise the claim on direct appeal.[2]

■ Under *Wainwright,* failure to raise an issue on direct appeal precludes review in a subsequent habeas corpus proceeding unless the petitioner can show "cause" for failing to raise the issue and actual "prejudice" resulting from such failure. When a claim of ineffective assistance of counsel is advanced only to satisfy the cause requirement of *Wainwright,* however, counsel need not have been so ineffective as to violate the constitution.

---

**2.** Because we remand for a redetermination of whether petitioner was deprived of his right to effective assistance of appellate counsel, we must also remand for a redetermination of whether petitioner had shown cause for failing to raise the jury selection issues on direct appeal. Since, however, the magistrate used an improper analysis to determine whether cause had been shown, we include a discussion of the standard which petitioner must satisfy under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

*See Clay v. Director, Juvenile Div., Dept. of Corr.*, 749 F.2d 427, 433 n. 4 (7th Cir. 1984). To show cause for failure to raise an issue on direct appeal, petitioner need only show that such failure resulted from the ignorance or inadvertence of appellate counsel. Therefore, we further remand for a redetermination of whether petitioner could show cause and prejudice for his failure to raise his jury selection claims on direct appeal.

It is further ordered that Circuit Rule 18 shall apply.