991 F.2d 799
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alfred William HILL, Petitioner/Appellant,
v.
Richard CLARK and Indiana Attorney General, Respondents/Appellees.
 No. 92-1296.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 12, 1993.*
Decided April 15, 1993.
 
 Before POSNER and KANNE, Circuit Judges, and PELL, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Alfred Hill appeals from the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254. We affirm.
 
 
 2
 A jury found Alfred Hill guilty of murder. He appealed his conviction to the Supreme Court of Indiana, raising the single issue of insufficiency of the evidence. The Supreme Court of Indiana affirmed his conviction. Hill then filed a post-conviction petition in the trial court. His petition was denied. Hill appealed the denial of his post-conviction petition to the Court of Appeals of Indiana where the court affirmed the dismissal.
 
 
 3
 Hill then filed a petition in the district court under 28 U.S.C. § 2254. The district court found that three of his claims, probable cause for arrest, ineffective assistance of counsel, and the empaneling of the jury, were procedurally barred. The court also determined that although Hill's claim of ineffective assistance of appellate counsel was not barred, it had no merit. The court denied Hill's petition for habeas corpus.
 
 
 4
 We agree with the district court's finding of procedural default. In reviewing Hill's post-conviction petition, the Court of Appeals of Indiana determined that Hill waived his claims of probable cause, ineffective assistance of trial counsel, and improper selection of the jury by not presenting them on direct appeal. The Court of Appeals of Indiana, the last state court to render a judgment on those claims, had found a procedural default. An "adequate and independent finding of procedural default will bar federal habeas review ... unless the habeas petitioner can show 'cause' for the default and 'prejudice' attributable thereto." Harris v. Reed, 489 U.S. 255, 262 (1989) (citations omitted); see Ylst v. Nunnemaker, 111 S.Ct. 2590 (1991); Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991). Thus, in the absence of a showing of "cause and prejudice," Hill's claims are barred from federal habeas review.
 
 
 5
 Hill argues that ineffective assistance of appellate counsel constitutes the "cause" for excusing procedural default. Hill must satisfy the two prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984) in order to prevail on his claim of ineffective assistance of counsel. Hollenback v. United States, No. 92-2439, slip op. at 4 (7th Cir. Mar. 8, 1993) (citations omitted). Hill must prove that counsel's performance was deficient and that the deficiency prejudiced his appeal. Id. Appellate counsel's performance was deficient if it fell below "an objective standard of reasonableness." Strickland, 466 U.S. at 688. Objective reasonableness does not require counsel to raise every conceivable argument that is supported by the record. Gray v. Greer, 800 F.2d 644 (7th Cir.1985). The petitioner must identify "specific acts or omissions that fell outside the wide range of professionally competent assistance." Lilly v. Gilmore, 92-2097, slip op. at 4 (7th Cir. March 17, 1993).
 
 
 6
 Hill's appellate counsel was not deficient for failing to raise arguments concerning lack of probable cause and the custodial police interrogation of Hill in the absence of counsel. Trial counsel had already achieved the desired result by successfully arguing for suppression of the illegally obtained statement. The statement was used only to impeach Hill's testimony, see Harris v. New York, 401 U.S. 222 (1971), and the judge clearly explained to the jury that the statement could not be considered as substantive evidence.
 
 
 7
 We also find no deficiency in appellate counsel's performance with regards to Hill's claim that the jury was selected in violation of Batson v. Kentucky, 476 U.S. 79 (1986).[1] There is nothing in the trial record to suggest that questionable procedures were used to select the venire or that peremptory challenges were designed to exclude members of a particular race. Neither the composition of the jury nor the composition of the venire was ever mentioned during the proceedings; in short, the record is devoid of support for Hill's proposed argument. Hill did not suggest potential problems with the jury selection until one year after counsel filed an appellate brief on Hill's behalf. Hill also brought what he perceived as violations of the jury selection to the attention of the Supreme Court of Indiana, but the court did not respond with requests for additional briefing. We cannot say that appellate counsel was ineffective for not filing a supplemental brief on Hill's behalf.
 
 
 8
 Hill also argues that the evidence presented at trial was insufficient for a finding of guilt. He did not argue insufficiency of the evidence before the district court, and the appellee could have argued that he has waived that issue; however, the appellee has waived the defense of waiver by failing to address the waiver on appeal. United States v. Stone, No. 92-1905, slip op. at 4 (7th Cir. Mar. 8, 1993) (citations omitted). Therefore, we will consider Hill's argument.
 
 
 9
 Jackson v. Virginia, 443 U.S. 307 (1979), authorizes federal courts to grant habeas corpus relief "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 443 U.S. at 324; see Wright v. West, 112 S.Ct. 2482 (1992). Hill argues that the state failed to prove that Hill acted knowingly or intentionally. We have examined the record and determined that the jury heard sufficient evidence to convict Hill.
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The district court found that Hill's conviction was final at the time Batson was decided and that Allen v. Hardy, 478 U.S. 255 (1986), precluded the consideration of the Batson claim. This is incorrect. Although Batson was decided after Hill had been convicted and sentenced, Batson is to be applied retroactively to "all cases, state or federal, pending on direct review or not yet final." Griffith v. Kentucky, 479 U.S. 314, 328 (1987). Hill's conviction, affirmed October 13, 1987, by the Supreme Court of Indiana, was pending on direct review at the time Batson was announced by the Supreme Court