25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Litho RANGE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 93-4099.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges; and ENGEL, Senior Circuit Judge.
 RYAN, Circuit Judge.
 
 
 1
 Litho Range appeals from the denial of his motion to vacate his conviction and sentence, filed pursuant to 28 U.S.C. Sec. 2255. He raises two assignments of error: whether the district court erred in determining that Range was not denied effective assistance of counsel, and whether the district court erred in ruling on Range's motion to vacate without first holding an evidentiary hearing. We affirm the district court's order.
 
 I.
 
 2
 On March 11, 1991, Range and a codefendant, Eugene Ellington, were tried on several drug-related counts. On March 21, 1991, the jury convicted Ellington on all counts of the indictment, but convicted Range only on the conspiracy charge; Range was acquitted on the other counts.
 
 
 3
 Both Range and Ellington appealed their convictions and sentences, and the appeals were consolidated. On appeal, the Sixth Circuit affirmed Range's conviction, but vacated his sentence and remanded for resentencing. Ellington's conviction was vacated due to prejudicial testimony by a prosecution witness named Jay Jackson. Jackson had originally been a codefendant along with Ellington and Range, but he negotiated a plea agreement with the government and testified against his former confederates. During cross-examination at the joint trial, Jackson testified that Ellington had been barred from a youth club "because he raped a little guy...." Because Ellington failed to object at trial, this court reviewed Jackson's statement only for plain error and found it. According to the court, Jackson's statements were "unsubstantiated, uncalled-for, irrelevant, inflammatory" and "hyper-prejudicial." The court held that even though no curative instruction was requested or given, such an instruction would not have cured the prejudice.
 
 
 4
 Jackson also made a questionable remark about Range at trial, but Range did not raise the issue on direct appeal. That remark is now the subject of Range's current appeal. The challenged testimony was as follows:
 
 
 5
 Q. That's your contention, between '83 and '84, you were the cleanup boy in Litho Range's nightclub?
 
 
 6
 A. That was about the years that I assumed. That wasn't no definite years, those the years that I assumed, Mr. Shaughnessy.
 
 
 7
 I can indicate for you, also, that Litho was just returning home from jail then.
 
 
 8
 Range's attorney made a contemporaneous objection and moved for a mistrial. The district court sustained the objection, but denied the motion for a mistrial. Despite making the appropriate motions at trial, Range's attorney did not raise this issue on appeal. Range's section 2255 motion contends that his attorney was constitutionally deficient in failing to do so.
 
 
 9
 Without holding an evidentiary hearing, the district court denied Range's section 2255 motion, stating:
 
 
 10
 Counsel need not raise every possible issue on appeal and counsel's decision not to raise a particular issue is not grounds for an ineffective assistance claim if it can reasonably be considered without merit....
 
 
 11
 The performance of Range's appellate counsel was "within the wide range of reasonable professional assistance." ... Counsel raised a number of issues and secured a remand of the case for sentencing. The record reveals that Jackson's comment was objected to and sustained by the court. The court charged the jury that they were not to consider testimony to which the court had sustained objections. Unlike Jackson's statement that Ellington was barred from the juvenile youth home "because he raped a little guy," his statement about Range returning from prison is not the kind of "hyper-prejudicial evidence about prior heinous acts [that once it] inadvertently reaches the attention of the jury, it is most difficult, if not impossible to assume the continued integrity of the presumption of innocent." ... It was not unreasonable for counsel to consider this issue without merit and not raise it on appeal.
 
 
 12
 Range now appeals.
 
 II.
 
 13
 Range argues that the statement Jackson made about him is equivalent to the statement Jackson made about Ellington and that his appellate counsel was constitutionally deficient in failing to raise the issue on appeal.
 
 
 14
 The Supreme Court has clearly established that criminal defendants have the right to effective assistance of counsel on their first appeal as of right. Evitts v. Lucey, 469 U.S. 387 (1985). Claims of ineffective assistance of trial counsel are measured under the standards enunciated in Strickland v. Washington, 466 U.S. 668, 689 (1984). These standards also govern claims concerning ineffective assistance of appellate counsel. See Bowen v. Foltz, 763 F.2d 191, 194 (6th Cir.1985); see also Gray v. Greer, 800 F.2d 644, 646 (7th Cir.1985).
 
 
 15
 Under Strickland, a reviewing court's scrutiny of counsel's performance is highly deferential. A defendant must show (1) that his counsel made such serious errors as to be so substandard that he was, effectively, not functioning as "counsel" within the meaning of the Sixth Amendment; and (2) that his counsel's errors were so serious as to deprive him of a fair appeal. Strickland, 466 U.S. at 687. Appellate counsel is not required to raise every conceivable argument on appeal. Instead, the
 
 
 16
 process of "winnowing out weaker arguments on appeal and focusing on" those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.... [A]s Strickland v. Washington made clear, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, and to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."
 
 
 17
 Smith v. Murray, 477 U.S. 527, 536 (1986) (citations omitted).
 
 
 18
 The Seventh Circuit has elaborated on this standard:
 
 
 19
 When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues on appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.
 
 
 20
 Gray, 800 F.2d at 646.
 
 
 21
 The question, then, is whether a reasonable appellate attorney could conclude that the improper comment issue was not worthy of mention on appeal. To answer this question, we must review the state of Sixth Circuit law on prejudicial comments at the time petitioner filed his notice of direct appeal. Petitioner filed this notice on July 1, 1991. At that time, this court had issued two major published opinions dealing with improper references to a defendant's criminal background. See United States v. Hernandez, 873 F.2d 925 (6th Cir.1989); United States v. Bowers, 739 F.2d 1050 (6th Cir.), cert. denied, 469 U.S. 861 (1984).
 
 
 22
 An examination of these two cases reveals a list of factors used by this court in determining whether an improper comment warrants a mistrial: (1) whether the prosecution solicited the comment; (2) whether the prosecution's line of questioning was reasonable; (3) whether the trial court issued an immediate, clear, and forceful limiting instruction; (4) whether the government acted in bad faith; and (5) how large a part the improper comment played in the evidence. See, e.g., United States v. Forrest, 17 F.3d 916 (6th Cir.1994), petition for cert. filed, Apr. 18, 1994 (No. 93-8764).
 
 
 23
 A look at each factor shows that factors one, two, and four are not relevant in this case, as they focus on the culpability of the prosecution in soliciting the comment. Jackson made the comment about petitioner returning home from jail on cross-examination, not on direct. In addition, petitioner has presented no evidence to suggest that the prosecution coached the witness to volunteer this information. Consequently, there is no evidence to support an inference that the prosecution was attempting to convey inadmissible evidence to the jury.
 
 
 24
 The third factor directs our attention to the limiting instruction. The trial transcript shows that the trial judge did not issue a limiting instruction. Defense counsel, however, did not ask for one. Instead, he only asked that the prosecutor be required to instruct the witness to cease volunteering nonresponsive information. The trial court granted this request.
 
 
 25
 Finally, with respect to the fifth factor, Jackson's improper comment was only a small portion of the evidence presented at trial against petitioner. Jackson provided detailed, eyewitness information about Range delivering heroin to Ellington's house.
 
 
 26
 We think all of these factors support the trial judge's decision not to declare a mistrial because of the witness's comment. We also think that under the relevant Sixth Circuit law, a reasonable attorney could conclude that the issue was without merit and could therefore choose not to raise the issue on appeal. This conclusion is further bolstered by the fact that Range's appellate counsel did secure a remand for resentencing. In addition, Jackson's remark does not seem to have had substantial prejudicial effect since the jury acquitted Range on four of the five counts against him. The jury obviously reviewed the evidence critically.
 
 
 27
 Contrary to Range's arguments, the fact that his codefendant succeeded on a similar claim is not dispositive. First, such an approach would improperly turn on the type of hindsight discouraged by Strickland. Second, Jackson only remarked that petitioner had "returned home from jail" in the mid-1980's. With regard to Ellington, the witness stated that Ellington had raped a little boy. We believe the comment regarding Ellington is much more prejudicial than the comment regarding petitioner. While we believe Jackson's statement regarding Range was unfortunate and undesirable, we do not believe it contaminated the proceedings in any substantial way, especially in light of the district court's instructions that the jury not consider testimony to which it had sustained objections, and the jury's decision to acquit Range on four of the five charges. Accordingly, Range's appellate counsel was not constitutionally deficient in not raising this issue on appeal.
 
 
 28
 Our decision is not affected by any statements of Range's appellate counsel to the contrary. That attorney declared in a petition for rehearing that he was at fault for not raising this issue on appeal. Regardless of the attorney's mea culpa, the test is whether the result was a denial of effective assistance of appellate counsel within the meaning of the Sixth Amendment. We hold that it was not.
 
 
 29
 There is no merit in Range's contention that he was entitled to an evidentiary hearing on his section 2255 motion.
 
 III.
 
 30
 We AFFIRM the decision of the district court.