107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Clarence J. FRANKLIN, Jr., Petitioner-Appellant,
v.
Daniel R. McBRIDE, Superintendent, Westville Correctional
Center, Respondent-Appellee.
 No. 96-2399.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 5, 1997.[1]
Decided Feb. 14, 1997.
 
 Before FLAUM, MANION, and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Clarence J. Franklin, Jr., an Indiana prisoner, is serving a sentence for cocaine dealing after a guilty plea. See St. Joseph County Cause No. 71D03-8912-CF-00959. Franklin filed for postconviction relief, which the state trial court denied. The court of appeals of Indiana affirmed the denial of his postconviction petition.
 
 
 2
 Franklin then filed a petition for a writ of habeas corpus with the district court under 28 U.S.C. § 2254. The district court ordered the respondent to show cause and to submit the state court record. The respondent submitted the state court record and the district court, after reviewing the submissions, denied the petition. Franklin appeals, claiming: (1) he was illegally detained between his arrest and initial appearance; (2) he received ineffective assistance of trial counsel; and (3) the district court violated his due process rights in the manner that it handled his petition.
 
 
 3
 Franklin claims that he was illegally detained between his arrest and initial appearance. See Riverside v. McLaughlin, 500 U.S. 44, 56 (1991) (failure to arrange for prompt probable cause determination for warrantless arrest within 48 hours of arrest may be Fourth Amendment violation). Even if Franklin's claim is encompassed by the Fourth Amendment, he is precluded from raising it collaterally if he received a full and fair hearing in state court, see Stone v. Powell, 428 U.S. 465, 494 (1976). That is what happened here so this claim has no merit.
 
 
 4
 Next, Franklin says he was denied his Sixth Amendment right to the effective assistance of trial counsel. To win on this claim, Franklin must show that the state court unreasonably applied clearly established federal law as determined by the Supreme Court. Lindh v. Murphy, 96 F.3d 856, 868-69 (7th Cir.1996) (en banc); Neal v. Gramley, 99 F.3d 841, 843 (7th Cir.1996). To establish ineffective assistance of counsel, a petitioner must show that his counsel's performance fell below an objective standard of reasonableness and that it resulted in prejudice. Strickland v. Washington, 466 U.S. 668, 688, 694 (1984); see also Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). In the context of a guilty plea the prejudice prong is satisfied if the defendant can show there was a reasonable probability that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Here, Franklin claims that his counsel failed to investigate and research the facts and the law pertinent to his case, including that he was unreasonably detained before a probable cause determination was made. The court of appeals of Indiana concluded that Franklin's statement during his plea colloquy that he believed his lawyer had done all that he could to assist him was sufficient alone to undermine his claim for ineffective assistance of counsel.
 
 
 5
 We presume that the factual determinations made by the state courts are correct. 28 U.S.C. § 2254(e). Franklin does not articulate any factual rebuttal or clearly established principle of law which would render the state court's conclusion unreasonable.[2]
 
 
 6
 Finally, Franklin asserts that the district court violated his right to due process in the way it handled his petition for habeas corpus. Franklin says the State's filing of a "return to order to show cause" instead of an "answer" was not proper under the Rules Governing Section 2254 Cases in the United States District Courts (Rules). But a "return to order to show cause" and an "answer" are really synonymous. See Rule 5, Advisory Committee Notes. Moreover, no evidentiary hearing in the district court was either required or warranted on Franklin's claims. In general, federal courts hold evidentiary hearings if the habeas applicant did not receive a full and fair evidentiary hearing in state court. Bracy v. Gramley, 81 F.3d 684, 693 (7th Cir.1996) (citing Townsend v. Sain, 372 U.S. 293, 312 (1963)). We have explained that this standard is not taken literally, as the district court " 'may employ a variety of measures in an effort to avoid the need for an evidentiary hearing' on disputed facts, including a direction to expand the record to include evidentiary materials that may resolve the factual dispute without a hearing." Bracy, 81 F.3d at 693 (7th Cir.1996) (quoting Blackledge v. Allison, 431 U.S. 63, 81 (1977)) (citation omitted). Additionally, a review of the state court record alone is often sufficient to resolve factual disputes. Gray v. Greer, 800 F.2d 644, 647 (7th Cir.1985).
 
 
 7
 Here, the district court ordered the respondent to submit the state court record in order to review the facts. We conclude that the district court acted within its discretion, as the state court record was sufficient to determine the factual issues and Franklin failed to establish any disputed issues of material fact.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [2]
 We have retroactively applied the recent amendment to 28 U.S.C. § 2254(d) of the habeas corpus statute enacted under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 100 Stat. 1214, in accordance with our holding in Lindh v. Murphy, 96 F.3d 856 (7th Cir.1996) (en banc). However, the outcome of this case is unaffected even if the Act were not applied retroactively. The procedural, due process, Fourth Amendment, and ineffective assistance of counsel claims would not merit relief under the former 28 U.S.C. § 2254