Charles THOMPSON, Petitioner, Appellant,

v.

Luis SPENCER, Respondent, Appellee.

No. 04–1095.

United States Court of Appeals, First Circuit.

Sept. 2, 2004.

Leslie W. O'Brien and Charles Thompson, pro se, on Application for Certificate of Appealability, for appellant.

Before BOUDIN, Chief Judge, TORRUELLA and HOWARD, Circuit Judges.

PER CURIAM.

A jury convicted Charles Thompson of murdering his wife, and his conviction was affirmed by the Massachusetts Supreme Judicial Court. *See Commonwealth v. Thompson*, 431 Mass. 108, 725 N.E.2d 556 (2000). Thompson now seeks a certificate of appealability (COA) of the district court's denial of his habeas corpus petition.

To obtain a COA, the applicant must make a "substantial showing of the denial of a constitutional right" by the state court. 28 U.S.C. § 2253(c)(2). And to make that showing, the applicant must demonstrate " 'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' " *Miller–El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003), (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

After careful consideration of Thompson's application (including his pro se amendments to that application) and the underlying record, we conclude that the district court's disposition of Thompson's constitutional claims was neither wrong nor even reasonably debatable. Accordingly, we deny the application for essentially the reasons discussed by the magistrate judge in her comprehensive 68–page decision. We add only the following comments.

The magistrate judge ruled that some of the claims that Thompson seeks leave to appeal[1] were barred from habeas review

1. Those claims were:

[1][that] the admission at trial of a hearsay

because the state court disposed of them on independently sufficient state-law procedural grounds, i.e., that Thompson failed to raise those claims until after his conviction was affirmed on appeal and that they were neither new nor substantial. *See* Mass. Gen. Laws ch. 278, § 33E; *Phoenix v. Matesanz,* 189 F.3d 20, 24 (1st Cir.1997). In support of his application for a COA, Thompson argues that the magistrate judge's finding of procedural default was erroneous, at least with respect to his claims of ineffective assistance of appellate counsel, since those claims were "new" in the sense that they could not have been raised before the appeal was decided. Even assuming, without deciding, that Thompson's ineffective assistance of appellate counsel claims were not procedurally barred from habeas review, we would nevertheless deny a COA on those claims because, as discussed immediately below, those claims are not meritorious and therefore do not constitute a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

*Ineffective Assistance of Appellate Counsel*

■ To establish ineffective assistance of appellate counsel, a defendant "must first show that his counsel was objectively unreasonable." *Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). As applied to appellate counsel, that standard is difficult to meet because, to be effective, "appellate counsel ... need not (and should not) raise every nonfrivolous claim, but rather may select among them in order to maximize the like-

lihood of success on appeal." *Id.* at 288, 120 S.Ct. 746. If a defendant succeeds in making that showing, he must still "show a reasonable probability that, but for his counsel's unreasonable failure to [raise a particular issue], he would have prevailed on his appeal." *Id.* at 285, 120 S.Ct. 746. In applying this test, courts "presume that the result of the proceedings on appeal is reliable ... and ... require [the defendant] to prove the presumption incorrect in his particular case." *Id.* at 287, 120 S.Ct. 746. "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir.1986). Because the state courts did not address the merits of Thompson's ineffective assistance of appellate counsel claims, habeas review of those claims is *de novo. See Wiggins v. Smith,* 539 U.S. 510, ——, 123 S.Ct. 2527, 2524, 156 L.Ed.2d 471, —— (2003); *Ellsworth v. Warden,* 333 F.3d 1, 3 (1st Cir.2003).

Here, Thompson cannot show that his appellate counsel was unreasonable in not raising two additional issues on appeal. Nor can he show a reasonable probability that, if those two issues had been raised, his appeal would have succeeded in gaining him a new trial.

As recognized by the Supreme Judicial Court justice (the "gatekeeper") who denied Thompson's application for leave to appeal from the denial of his post-appeal motion for a new trial, "there is no question of the thoroughness and diligence of

statement attributed to the murder victim and offered to establish the petitioner's motive for murder violated Thompson's Sixth Amendment right of confrontation and [that] appellate counsel's failure to raise the issue on appeal violated Thompson's right to the effective assistance of appellate counsel guaranteed him by the Fourteenth Amendment[, and]

■ [that] appellate counsel's failure to raise on appeal the issue of trial counsel's failure to investigate and develop evidence regarding the time of the victim's death violated Thompson's right to the effective assistance of appellate counsel guaranteed him by the Fourteenth Amendment.

defendant's appellate counsel. He raised numerous claims of error, including many premised on alleged ineffective assistance of trial counsel, and zealously pursued two motions for new trial raising those ineffective assistance claims." *See also Thompson,* 431 Mass. at 113–22, 725 N.E.2d 556 (detailing and unanimously rejecting seven arguments that appellate counsel raised on appeal).

Nor is it reasonably likely that these particular arguments would have changed the outcome of his appeal. Thompson's confrontation claim is, in essence, that the trial court violated his Sixth Amendment right to confrontation by admitting hearsay evidence that the victim had rebuffed Thompson's reconciliation request shortly before the murder. If that claim had been raised on appeal, the Supreme Judicial Court would likely have found any error in admitting the victim's hearsay statement to be harmless, as did the gatekeeper and the magistrate judge. *See also Thompson,* 431 Mass. at 114, 725 N.E.2d 556 (stating that "Commonwealth produced abundant direct evidence of the defendant's hostility and aggression toward the victim"). Because the confrontation argument therefore would not likely have changed the outcome of the appeal, appellate counsel was not ineffective in declining to raise it.

█ The same is true of the claim that trial counsel was ineffective in failing to investigate the victim's precise time of death. Even if trial counsel had been able to show that the victim was killed during Thompson's work shift, the prosecution presented ample evidence that Thompson had the opportunity to commit the crime during the course of his shift without his absence being detected by his co-workers or supervisors. *See Thompson,* 431 Mass. at 112–13, 725 N.E.2d 556 (detailing relevant evidence). Because this additional evidence would not likely have been suffi-

cient to change the jury's verdict, trial counsel was not ineffective in failing to present it. And, because the claim that trial counsel was ineffective in this respect lacked merit, appellate counsel's failure to raise this issue on appeal was neither unreasonable nor prejudicial.

*Pro Se Claims*

After his habeas counsel was permitted to withdraw, Thompson filed an amendment to his COA application, adding two additional issues that he seeks leave to appeal. For the following reasons, we decline to grant a COA on those issues as well.

█ The first additional argument that Thompson would like to make on appeal is that he "was deprived of due process . . . by the prosecutor's reference during closing argument of his silence during interrogation." The SJC considered and rejected that argument on the merits, *Thompson,* 431 Mass. at 117–18, 725 N.E.2d 556; and the magistrate judge's conclusion, based on seven pages of careful analysis, that the SJC identified the correct legal standard and correctly applied that standard to the facts of this case, is undebatably correct.

█ Thompson admits that the second additional argument that he would like to raise on appeal—that because he was in "custody" as soon as the police entered his home, his silence at that time should not have been used against him absent a *Miranda* warning—was not raised in the district court. For that reason alone (without considering whether that argument was sufficiently exhausted or presents a substantial constitutional claim), we deny leave to appeal that claim. *See David v. United States,* 134 F.3d 470, 474 (1st Cir. 1998).

The application for a certificate of appealability is *denied*, and the appeal is *terminated*.