NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

AUG 10 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



EMERSON PAUL,

    Petitioner - Appellant,

v.

SANDRA PENNYWELL,

    Respondent - Appellee.

No. 12-56509

D.C. No. 2:10-cv-01563-JSL-JCG

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, Senior District Judge, Presiding

Submitted August 6, 2015[**]
Pasadena, California

Before: SILVERMAN, SACK[***], and WARDLAW, Circuit Judges.

  Emerson Paul appeals the district court's denial of his 28 U.S.C. § 2254

petition. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. The

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***] The Honorable Robert D. Sack, Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

state court's determination that Paul's appellate counsel was not ineffective for failing to challenge the admission of the black shirt on direct appeal is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 100-01 (2011).

The Supreme Court has made clear that "appellate counsel who files a merits brief need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). The Supreme Court has explained that "[e]xperienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Considering the potential strategic choices behind counsel's decision to appeal only on the basis of the ammunition, it was not unreasonable to conclude that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *see Robbins*, 528 U.S. at 288 ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986))). The black shirt was found within an open closet, while the ammunition

was found in a closed drawer. Furthermore, it was reasonable to decide that the ammunition, matching casings found at the scene, was more harmful to Paul's defense than the black shirt. Accordingly, the determination that counsel's performance was not ineffective for failing to challenge the admission of the black shirt is not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

Furthermore, even if appellate counsel's failure to appeal the admission of the black shirt was ineffective, it is not unreasonable to hold that there was no resulting prejudice. Under *Strickland*, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694. There were multiple identifications of Paul as one of the shooters and multiple pieces of evidence linking Paul to the 40 Avalons gang, independent of the black shirt. It was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent to hold that there is not a reasonable probability that the result of the trial would have been different if the black shirt had been excluded from evidence.

In addition, the California Supreme Court's factual findings were not objectively unreasonable under 28 U.S.C. § 2254(d)(2). By the time Paul's state habeas petition was filed, the record was already well developed with respect to the

suppression and prejudice issues, as a result of the suppression motion before the trial court, the appeal before the California Court of Appeal, and the trial record. The state court's decision not to hold an evidentiary hearing does not render its determination objectively unreasonable under § 2254(d)(2). *See Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012).

Lastly, as Paul has not established a meritorious claim under § 2254(d), he is not entitled to a remand to the district court for an evidentiary hearing. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1411 n.20 (2011).

**AFFIRMED.**