# IN THE SUPREME COURT OF THE STATE OF NEVADA

RICKIE HILL,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 66937



FILED

NOV 22 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from an order of the district court denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Abbi Silver, Judge.

On appeal from the denial of his March 19, 2008, postconviction petition, appellant argues that the district court erred in denying his claims of ineffective assistance of trial counsel. To prove ineffective assistance of trial counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*). Both components of the inquiry must be shown, *Strickland*, 466 U.S. at 697, and the petitioner must demonstrate the underlying facts by a preponderance of the evidence, *Means v. State*, 120 Nev. 1001, 1012, 103 P.3d 25, 33 (2004). We give deference to the district court's factual findings if supported by substantial evidence and not clearly erroneous but review the court's application of the law to those facts de novo. *Lader v. Warden*, 121 Nev. 682, 686, 120 P.3d 1164, 1166 (2005).

16-36391

First, appellant argues that counsel was ineffective for disparaging appellant during his opening statement and closing argument. Appellant has demonstrated deficiency but has failed to demonstrate prejudice. Counsel's purported strategy was to focus the jurors' attention on the issues in the case and away from any concerns individual jurors may have with homosexuality, but his execution of the strategy was objectively unreasonable. Rather than focus the jurors' attention away from homosexuality, counsel emphasized it, both by mentioning it throughout his statements and argument and by expressing disgust, repulsion, and condemnation towards appellant's sexual orientation. Nevertheless, appellant does not argue that, but for counsel's comments, there was a reasonable probability of a different outcome at trial. Rather, in citing to *United States v. Cronic*, 466 U.S. 648 (1984), he appears to argue that such disparaging comments should be considered per se prejudicial. However, prejudice under *Strickland* is presumed in limited circumstances, *see Cronic*, 466 U.S. at 659-60, 661 n.28, that are not presented by this case. Because appellant has not demonstrated a reasonable probability of a different outcome, we conclude that the district court did not err in denying this claim.

Second, appellant argues that counsel was ineffective for conceding appellant's guilt to the jury. Appellant has failed to demonstrate deficiency or prejudice. This ineffective-assistance claim is based on counsel's comments that appellant's actions were repulsive and that he did not condone appellant's sexual lifestyle. Appellant, however, fails to explain how those comments conceded his guilt on any specific crime charged. Instead, as appellant indicated in his argument in support of his first claim, addressed above, counsel's comments were clearly

directed to appellant having engaged in any homosexual acts. We therefore conclude that the district court did not err in denying this claim.

Third, appellant argues that counsel was ineffective for failing to object when the examining nurse testified that, based on her experience in conducting over 2,500 sexual-assault examinations, the victim's demeanor was consistent with that of other sexual-assault victims. Appellant has failed to demonstrate deficiency. An objection would have been futile because such testimony is permitted "to show that the victim's behavior or mental or physical condition is consistent with the behavior or condition of a victim of sexual assault." NRS 50.345. The failure to make a futile objection is not ineffective assistance of counsel. *Ennis v. State*, 122 Nev. 694, 706, 137 P.3d 1095, 1103 (2006). We therefore conclude that the district court did not err in denying this claim.

Fourth, appellant argues that counsel was ineffective for failing to move to sever count seven, intimidating a witness, from the remaining counts. Although appellant extensively recites the law governing joinder, he fails to apply that law to the facts of his case, summarily stating that the count should have been severed and that he was "severely prejudiced." Because appellant has not supported this ineffective-assistance claim with cogent argument, we need not address it. *Maresca v. State*, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Fifth, appellant argues that counsel was ineffective for failing to object to unrecorded bench conferences. Appellant has failed to demonstrate deficiency or prejudice. Appellant makes a bare statement that there were "many" unrecorded conferences, but he fails to identify any. Further, appellant fails to state what may have happened in the bench conferences that should have been memorialized. Accordingly, he fails to demonstrate a reasonable probability of a different outcome had

the bench conferences been recorded. We therefore conclude that the district court did not err in denying this claim.

Sixth, appellant argues that counsel was ineffective for failing to challenge the admission during trial of the State's notice of habitual criminality. Appellant has failed to demonstrate deficiency or prejudice. As appellant acknowledges, counsel did object. Appellant does not indicate what else counsel should have done or how he was prejudiced by counsel's failure to take some other action. We therefore conclude that the district court did not err in denying this claim.

Appellant next argues that the district court erred in denying his claims of ineffective assistance of appellate counsel. To prove ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland*, 466 U.S. at 697.

First, appellant argues that appellate counsel was ineffective for failing to challenge the admission of the examining nurse's testimony regarding the victim's behavior, to argue that count seven should have been severed from the remaining counts, and to challenge that the bench conferences were unrecorded. For the reasons discussed previously, appellant has failed to demonstrate that appellate counsel was deficient or that appellant was prejudiced. We therefore conclude that the district court did not err in denying these claims.

Second, appellant argues that appellate counsel was ineffective for failing to challenge the district court's denial of a pretrial

motion for a psychiatric interview of the victim.[1] Appellant has failed to demonstrate deficiency or prejudice. To succeed on his pretrial motion, appellant had to demonstrate a compelling need for a psychological evaluation of the victim, including that there was a reasonable basis to believe that the victim's mental or emotional state may have affected his veracity. *Koerschner v. State*, 116 Nev. 1111, 1116-17, 13 P.3d 451, 455 (2000).[2] We are not convinced by appellant's suggestion that the victim's failure to flee implicates his mental or emotional state. As such, it appears that the pretrial motion lacked merit, and counsel's failure to raise the issue on appeal did not fall below an objective standard of reasonableness. We therefore conclude that the district court did not err in denying this claim.

Third, appellant argues that appellate counsel was ineffective for failing to challenge the admission of his statement to a corrections officer that he "used to gang bang in Cali." Appellant has failed to demonstrate deficiency or prejudice. Although appellant implies that this evidence should have been challenged as a prior bad act under NRS

---

[1]Appellant indicates his request was for a "psychiatric interview," but has failed to include the motion or the district court's order resolving it in the appendices. Because appellant relies on case law regarding psychological examinations, we assume that his motion was for a psychological examination and address his claim accordingly.

[2]*Koerschner* was modified by *State v. Eighth Judicial Dist. Court (Romano)*, 120 Nev. 613, 623, 97 P.3d 594, 600-01 (2004), which was the governing case at the time of appellant's trial. However, while appellant's appeal from his judgment of conviction was pending before this court, we overruled *Romano* and reaffirmed the test set forth in *Koerschner*. See *Abbott v. State*, 122 Nev. 715, 727, 138 P.3d 462, 470 (2006). Thus *Koerschner* and *Abbott* govern our analysis, as they would have applied had appellate counsel raised the issue. See *Nika v. State*, 124 Nev. 1272, 1287, 198 P.3d 839, 850 (2008).

48.045, it was admitted as a prior inconsistent statement pursuant to NRS 50.135(2)(b) and not as a prior bad act, so an objection based on NRS 48.045(2) would have been futile. Because the failure to raise a futile claim is not ineffective assistance of counsel, *see Ennis,* 122 Nev. at 706, 137 P.3d at 1103, we conclude that the district court did not err in denying this claim.

Fourth, appellant argues that appellate counsel was ineffective for failing to challenge the State's effort to elicit testimony from him regarding a prior encounter between appellant and one of the victim's friends on the grounds that testimony about the incident constituted prior-bad-act evidence pursuant to NRS 48.045(2) and the district court should have held an evidentiary hearing prior to admitting it. Appellant has failed to demonstrate deficiency or prejudice because appellant answered the State's inquiry in the negative, so the only evidence introduced at trial was that he did not approach another person. We therefore conclude that the district court did not err in denying this claim.

Fifth, appellant argues that appellate counsel was ineffective for failing to argue that the first-degree kidnapping conviction was incidental to the underlying sexual assault conviction. Appellant has failed to demonstrate deficiency or prejudice. Counsel testified that he "was not unaware of the issue" but that he did not feel "that it was a winnable issue." That assessment does not appear to be objectively unreasonable because moving the victim to a secluded parking lot had independent significance—it decreased the likelihood of discovery and escape—and exceeded the movement necessary to complete the sexual assault. *See Mendoza v. State,* 122 Nev. 267, 275, 130 P.3d 176, 181 (2006) (explaining, in a kidnapping-robbery context, that defendant may be convicted of both first-degree kidnapping and an associated offense

where the movement or restraint necessary for the kidnapping "stand[s] alone with independent significance" from the sexual assault "or involve[s] movement, seizure or restraint substantially in excess of that necessary to its completion"); *Pascua v. State*, 122 Nev. 1001, 1006, 145 P.3d 1031, 1034 (2006) (upholding dual convictions where the movement to the interior of a house prevented discovery and allowed for further assault and thus substantially exceeded that necessary to complete the associated crime). We therefore conclude that the district court did not err in denying this claim.

Sixth, appellant argues that counsel was ineffective for failing to challenge the questioning regarding, and the admission of, the State's notice of habitual criminality.[3] The underlying claim of trial-court error may have some merit as the evidence was inadmissible for two reasons. First, eliciting any evidence regarding appellant's pending habitual criminal status was clearly prohibited by NRS 207.016(2). Second, the evidence was irrelevant as it had no "tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." NRS 48.015; *see* NRS 48.025(2) ("Evidence which is not relevant is not admissible."). Contrary to the State's argument, the evidence was not relevant to impeach appellant's testimony that he believed he was facing life imprisonment without the possibility of parole, because appellant did not testify that it was the only possible sentence if convicted, appellant's testimony was factually accurate since the State was seeking habitual criminal treatment and had alleged at least five prior felony convictions,

---

[3]Appellant incorrectly states that the notice was "filed" in open court during trial.

*see* NRS 207.010(1)(b)(1), and the notice was silent as to sentencing so that it did not contradict appellant's testimony.

Although the evidence was inadmissible, it does not necessarily follow that appellate counsel was deficient or that appellant was prejudiced. Appellate counsel is not required to raise every non-frivolous issue on appeal and is generally most effective when every conceivable issue is not raised. *Jones v. Barnes*, 463 U.S. 745, 751 (1983); *Ford v. State*, 105 Nev. 850, 853, 784 P.2d 951, 953 (1989). "Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986). Appellant engages in no analysis as to whether this issue is clearly stronger than those presented by appellate counsel. Accordingly, appellant has failed to demonstrate that counsel was objectively unreasonable in not raising it.

Appellant has also failed to demonstrate a reasonable probability of a different outcome on appeal had appellate counsel raised the issue. Because appellant asserts a different basis for challenging the admission on appeal than counsel argued at trial, appellant must demonstrate a reasonable probability of successfully arguing that plain error affected his substantial rights. *See LaChance v. State*, 130 Nev., Adv. Op. 29, 321 P.3d 919, 928 (2014); *Grey v. State*, 124 Nev. 110, 120, 178 P.3d 154, 161 (2008). However, appellant makes only a bare statement that "[h]ad the issue been raised on appeal the result of the appeal would have mandated reversal." This does not demonstrate that his substantial rights were affected, because the jury was instructed to "not discuss or consider the subject of punishment," appellant has given us no reason to depart from our presumption that the jury followed its

instructions,[4] *see Hymon v. State,* 121 Nev. 200, 211, 111 P.3d 1092, 1100 (2005), and this court found there was "abundant evidence" of guilt, *Hill v. State,* Docket No. 45712 (Order of Affirmance, February 13, 2007). We therefore conclude that the district court did not err in denying this claim.

Appellant next argues that the district court erred in denying the claims he raised in his pro se supplements. Appellant lists 26 single-sentence issue statements without alleging any facts, citing any law, or making an argument. We decline to address these claims. *See Maresca v. State,* 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Finally, appellant argues that the cumulative impact of errors in this case warrants reversal. Even assuming that multiple deficiencies in counsel's performance may be cumulated to establish prejudice, *see McConnell v. State,* 125 Nev. 243, 259, 212 P.3d 307, 318 (2009), appellant has demonstrated only one instance of deficient performance so that there is nothing to cumulate.

For the foregoing reasons, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

_____

[4]This presumption also diminishes the State's argument that it needed to rebut appellant's assertion that he was facing life in prison without the possibility of parole, since jury instructions had been settled prior to the State's questioning regarding appellant's potential sentence.

cc: Eighth Judicial District Court Dept. 15
Christopher R. Oram
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A