# IN THE SUPREME COURT OF THE STATE OF NEVADA

LEONARD RAY WOODS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 83728

FILED

AUG 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

Appellant Leonard Woods voluntarily and knowingly waived his right to counsel and represented himself at trial. After his conviction, the district court appointed appellate counsel, and this court affirmed the judgment of conviction. *Woods v. State*, No. 78816, 2020 WL 6504629 (Nev. Nov. 3, 2020) (Order of Affirmance). Woods filed a timely postconviction petition, alleging several errors in the trial proceedings. The district court denied the petition without conducting an evidentiary hearing. This appeal followed.

First, Woods argues that the district court erred in not granting his repeated motions for substitute counsel and his motion to suppress the

---

[1]Having considered the pro se brief filed by appellant, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

22-25187

contents of his cell phone. This court has already considered, rejected, and resolved these contentions, *see Woods*, 2020 WL 6504629, at *2 n.2, *4 (concluding that the district court did not err in denying either Woods's motions for substitute counsel or his motion to suppress the evidence recovered from his cell phone); consequently, the doctrine of the law of the case bars relitigating these issues, *see Hsu v. Cty. of Clark*, 123 Nev. 625, 630, 173 P.3d 724, 728 (2007) (explaining that the purpose of the law-of-the-case doctrine is to prevent reconsideration of matters that have been settled and put to rest). Therefore, the district court did not err in denying these claims without conducting an evidentiary hearing.

Next, Woods argues that, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), the State did not disclose exculpatory evidence. This claim could have been raised on direct appeal, and Woods therefore had to demonstrate good cause for the failure to do so and prejudice. *See* NRS 34.810(1)(b)(2), (3). To demonstrate good cause and prejudice through a *Brady* violation, the petitioner must show "(1) the evidence is favorable to the accused, either because it is exculpatory or impeaching; (2) the State withheld the evidence, either intentionally or inadvertently; and (3) prejudice ensued, i.e., the evidence was material." *State v. Huebler*, 128 Nev. 192, 198, 275 P.3d 91, 95 (2012) (internal quotation marks omitted); *see also id.* (recognizing that the second and third prongs of a *Brady* violation mirror required showings of cause and prejudice). Here, Woods makes only a bare claim that the State withheld "fingerprint evidence, DNA, physical evidence and the like." Woods failed to allege this evidence was favorable, withheld, or material. Thus, he failed to support this claim

with specific facts that, if true, would entitle him to relief. *See Hargrove v. State*, 100 Nev. 498, 502, 686 P.2d 222, 225 (1984).

Next, Woods argues that the district court erred in denying his motion to review law enforcement personnel files, appointing his previously appointed counsel as standby counsel after he chose to represent himself, not providing sufficient resources for his defense, and conducting trial six months after Woods voluntarily and knowingly waived his right to counsel. Additionally, Woods claims that the State improperly influenced witnesses. These claims could have been raised on direct appeal, and Woods therefore had to demonstrate good cause for the failure to do so and prejudice. *See* NRS 34.810(1)(b)(2), (3). In his petition, Woods did not attempt to demonstrate good cause or that he would suffer from a fundamental miscarriage of justice if his claims were not considered on their merits. *See Pellegrini v. State*, 117 Nev. 860, 887, 34 P.3d 519, 537 (2001) (explaining that absent a showing of good cause and prejudice, the petitioner must demonstrate that failure to consider the claims on the merits would result in a fundamental miscarriage of justice), *abrogated on other grounds by Rippo v. State*, 134 Nev. 411, 423 n.12, 423 P.3d 1084, 1097 n.12 (2018). Therefore, the district court did not err in finding these claims were procedurally barred.

Furthermore, to the extent that these claims could be construed as claims of ineffective assistance of appellate counsel for not raising the issues on appeal, Woods has not shown deficient performance or prejudice. To show ineffective assistance of appellate counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that

the omitted issue would have had a reasonable probability of success on appeal. *Kirksey v. State*, 112 Nev. 980, 998, 923 P.2d 1102, 1114 (1996). Both components of the inquiry must be shown. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Here, appellate counsel raised numerous issues, and none of the claims raised by Woods show a reasonable probability of a different outcome on appeal. Therefore, the district court did not err in denying these claims without conducting an evidentiary hearing. *See Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986) ("Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome."); *Kirksey*, 112 Nev. at 998, 923 P.2d at 1113 ("Effective assistance of appellate counsel does not mean that appellate counsel must raise every non-frivolous issue.").

Finally, Woods argues that he should have been appointed postconviction counsel. NRS 34.750(1) provides for the discretionary appointment of postconviction counsel and sets forth the following factors which the court may consider in deciding whether to appoint counsel: the petitioner's indigency, the severity of the consequences to the petitioner, the difficulty of the issues presented, whether the petitioner is unable to comprehend the proceedings, and whether counsel is necessary to proceed with discovery. The decision is not necessarily dependent upon whether a petitioner raises issues that, if true, would entitle the petitioner to relief. *See Renteria-Novoa v. State*, 133 Nev. 75, 77, 391 P.3d 760, 762 (2017). Considering the NRS 34.750 factors, we conclude that the district court did not abuse its discretion in denying Woods's motion for the appointment of counsel. Despite Woods's lengthy sentence, Woods did not raise difficult or complex issues. Woods represented himself at trial, which reflects his

ability to understand the proceedings. And Woods has not raised any issues that necessitate discovery. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Parraguirre

_____, J.      _____, Sr.J.
Silver                                          Gibbons

cc:    Hon. Tierra Danielle Jones, District Judge
       Leonard Ray Woods
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

_____

[2]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.